Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
Email: scott@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MACY'S RETAIL HOLDINGS, INC.; et al., <br><br> Defendants. | Case No.: CV-08-6019 PA (PEx) <br> Before the Hon. Percy Anderson <br><br> **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br> Final Pre-trial Conference: <br> Date:          November 27, 2009 <br> Time:         1:30 p.m. <br><br> Trial:           December 15, 2009 |

I.     CLAIMS AND DEFENSES

    A.     Plaintiff Will Prove Defendants' Liability for Copyright Infringement

    Plaintiff, L.A. PRINTEX INDUSTRIES, INC. ("LAP") pursues a finding of direct, vicarious and contributory copyright infringement as to Defendants MACY'S RETAIL HOLDINGS, INC. ("MACYS"), L. SCOTT APPAREL, INC. ("L. SCOTT"), and PACESETTERS FABRICS, LLC ("PACESETTERS") (collectively referred to as "Defendants"). LAP will also pursue a willful copying

claim against PACESETTERS, a former and current client of LAP that had access to LAP's design files. LAP will clearly show that it is the valid owner of the design at issue ("Subject Design") and of a lawful copyright registration for that design. LAP will also show that PACESETTERS had access to LAP's designs as a client of LAP, and that the design on the garments sold by L. SCOTT to MACYS – and comprised of fabric printed or purchased by PACESETTERS – is an illegal reproduction of the Subject Design. Finally, LAP will show that Defendants continued to purchase and sell product that contained this illegal reproduction months after it received notice of LAP's claims of infringement of the Subject Design.

        1.      <u>Plaintiff is the Owner of Registrations for the Subject Design</u>

Plaintiff owns United States Copyright Registration No. VA 1-232-549 for the Subject Design. Under 17 U.S.C. § 410(c), the registration certificates constitute *prima facie* evidence of the validity of the copyright and the facts stated on the certificate, including Plaintiff's ownership of the two designs. <u>Lamps Plus, Inc. v. Seattle Lighting Fixture Co.</u>, 345 F.3d 1140, 1144–45 (9th Cir. 2003). This presumption is buttressed by the testimony of Moon Choi, the artist responsible for the creation, development and final appearance of the Subject Design..

There is also no question that the Subject Designs are clearly protectable by copyright as a two-dimensional artwork. To so qualify for protection, a Plaintiff must show that "the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." <u>Ets-Hokin v. Skyy Spirits, Inc.</u>, 225 F.3d 1068, 1076 (9th Cir. 2000); quoting <u>Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.</u>, 499 U.S. 340, 345 (1991). The source artwork was independently created by Plaintiff's design department, and formatted it for use on textiles. It is clear that the design at issue is possessive of

the requisite creative content. As such, the Subject Design is suitable for copyright protection and is the exclusive property of Plaintiff.

### 2. Defendants Infringed the Subject Designs by Accessing Said Designs and Creating Illegal Reproductions Thereof

Plaintiff will also establish copying by proffering evidence of access and substantial similarity. Access can be shown by proving one or more of the Defendants had an "opportunity to view or copy" the Subject Designs. Three Boys Music Corp. v. Bolton, 212 F.3d 477, 483 (9th Cir. 2000). Because an infringed party infrequently catches the infringer in the act, "[p]roof of access requires only an opportunity to view or to copy plaintiff's work." Kamar International v. Russ Berrie & Co., 657 F.2d 1059, 1062 (9th Cir. 1981).

PACESETTER is a former and current client of LAP, and viewed, and purchased from, the LAP catalogue of designs at the time the Subject Designs was being offered for sale. A reasonable opportunity to view the design has thus been established.

Should Defendants dispute the above, access can be properly inferred in cases where, as here, the infringing design is so similar to the designs at issue, that independent creation is impossible. Three Boys Music Corp., 212 F.3d at 485. The more exact the reproduction, the less of a showing of access is necessary. Access need not be shown if Plaintiff's copyrighted work and the infringing work are "strikingly similar" Baxter v. MCA, Inc., 812 F.2d 421, 423 (9th Cir. 1987). As set forth more fully below, the designs are strikingly similar, and the record reflects no evidence of independent creation. PACESETTER, the party that provided the design on the allegedly infringing garments, has now conceded that it has no evidence to indicate that any party other than LAP created the Subject Design.

In addition to access, Plaintiff can show substantial similarity and copying. To make this showing, Plaintiff will advance evidence that the designs are so

similar that it is improbable the allegedly infringing design was independently created, and more likely than not that the design is an illegal copy. After this showing, the burden shifts to the infringing party to show that the design at issue was independently created. Three Boys Music Corp., 212 F.3d at 486. In comparing textile designs for infringement, if an "average lay observer would recognize the alleged copy as being appropriated from the copyrighted work," then the requisite similarity exists to establish infringement. Novelty Textile Mills v. Joan Fabrics Corp., 558 F.2d 1090, 1093 n.4 (2d Cir. 1977). Such similarity clearly exists in regard to the designs at issue. Certain elements of the two designs are virtually identical, and the overall motif and total look and feel of the designs is substantially similar. In light of the above showings of access and substantial similarity, there is no question that Defendants are liable for copyright infringement.

      The coloration of the design on the allegedly infringing garments found at MACYS is also identical to the coloration of the Subject Design. This similarity in color is additional evidence of actual copying, as well as another factor leading to the conclusion that the aesthetic appeal of the fabric designs is the same. Peter Pan Fabrics, Inc. v. Candy Frocks, Inc., 187 F. Supp. 334, 336 (S.D.N.Y. 1960); Scarves by Vera, Inc. v. United Merchants & Mfrs., Inc., 173 F. Supp. 625, 627 (S.D.N.Y. 1959). This coloration usage also reveals the essential character of Defendant's behavior: substantial copying amounting to infringement. Comptone Company v. Rayex Corporation, 251 F.2d 487, 488 (2d Cir. 1958); Joshua Meier Company v. Albany Novelty Mfg. Co., 236 F.2d 144, 146 (2d Cir. 1966); F. W. Woolworth Co. v. Contemporary Arts, 193 F.2d 162 (1st Cir. 1951), *aff'd on other grounds*, 344 U.S. 228, 73 S. Ct. 222, 97 L. Ed. 276 (1952).

    B.    Plaintiff Will Prove Secondary Liability

      Defendants are also secondarily liable for copyright infringement.

4

An action for contributory infringement lies when a defendant knew or had reason to know that an infringement was taking place, and induced or materially contributed to the infringement. Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 261-63 (9th Cir.1996). In this case, PACESETTER and L. SCOTT worked together to create the infringing garments. Given PACESETTER's knowledge that the Subject Design was copyrighted by Plaintiff, and L. SCOTT's purchase from PACESETTER of the allegedly infringing fabric, L. SCOTT is secondarily liable for contributory infringement.

An action for vicarious liability lies when a defendant benefits financially from an infringement, has the ability to oversee the infringing conduct, and fails to exercise that ability. Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 125 S. Ct. 2764, 2776 n.9 (2005). Liability may be imposed on a party even if said party was initially unaware that the conduct was infringing. Id. In this case, all Defendants benefitted financially by selling fabric or garments bearing the knock-off of the Subject Design. MACYS had the ability to oversee L. SCOTT's conduct, and L. SCOTT had the ability to oversee PACESETTER's conduct, yet no party took steps to remedy the infringing conduct, and ratified the conduct of their respective vendors. As such, vicarious liability should be found.

C. Plaintiff Will Prove Willful Copyright Infringement as to Defendants

Given the blatant similarities between the designs, the only conclusion a finder of fact could come to is that copying has occurred. Plaintiff will also show that this copying was willful. Copyright infringement is "willful" if it is shown that one has committed the infringement "with knowledge that [one's] conduct constitutes copy-right infringement." Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284,293 (9th Cir. 1997) (reversed on other grounds). In this case, Plaintiff will show that Defendants received notice of LAP's allegations of copyright infringement of the Subject Design. Despite this

notice, Defendants continued to purchase and sell infringing product. Continuing the sales of product after receipt of notice of alleged infringement constitutes willful infringement. Dolman v. Agee 157 F.3d 708, 711, 715 (9th Cir. 1998). In addition, Plaintiff will show that PACESETTERS knew that the Subject Design was proprietary to, and copyrighted by, LAP, yet sold product bearing the Subject Design despite this knowledge.

C.     Plaintiff Will Seek Its Actual Damages and Infringer's Profits.

Plaintiff is entitled to its actual damages as well as the profits of the infringing parties. The owner of an infringed copyright is entitled to recover two types of damages: (1) the actual damages suffered by him or her as a result of the infringement, and (2) any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. 17 U.S.C. § 504(b). Plaintiff has established that an award of United's damages, and Defendants' profits, is justified.

1.     Actual Damages:

Plaintiff should recover the actual damages it suffered as a result of the infringement. 17 U.S.C. § 504(b). Here, L. SCOTT purchased fabric bearing the infringing design from PACESETTER. Had they purchased the fabric directly from Plaintiff, instead of violating Plaintiff's rights, Plaintiff would have realized substantial profits. The decision made by L. SCOTT to purchase the fabric from PACESETTER, and PACESETTER's decision to knock off Plaintiff's Subject Design, denied Plaintiff these rightful sales. In addition, Plaintiff lost additional profits from lost sales to third parties, and was stripped of the value of the market for the Subject Designs after expending significant resources to create, develop and market product bearing same. As such, Plaintiff is entitled to recover damages in the amount of its lost profits, and other actual damages, at time of trial.

2.     Infringer's Profits:

6

Plaintiff is also entitled to recover the profits of Defendants. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work. 17 U.S.C. § 504(b). Where there is a commingling of gains, it is the burden of the copyright infringer to prove the separation of the profits and what portion of total profits is attributable to non-infringing elements. Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 406 (1940). If infringed portions are so suffused and intertwined with non-infringing portions as to render an apportionment impossible no apportionment is appropriate. Business Trends Analysts, Inc. v. Freedonia Group, Inc., 887 F.2d 399, 407 (2d Cir. 1989); see also Belford v. Scribner, 144 U.S. 488, 508 (1892).

Plaintiff will seek to disgorge all profits realized by Defendants through their respective sales of the fabric and garments at issue. Once Plaintiff presents proof "of the infringer's gross revenue," it has carried its burden; at which point "the infringer is required to prove . . . deductible expenses" and "what percentage of the infringer's profits" were not attributable to copying the infringed work. Three Boys Music Corp., 212 F.3d at 487; 17 U.S.C. § 5-4(b).

In this Circuit, "[t]he rule is that one deducts from the gross sales price the costs that are directly attributable to the items in question. But general overhead, such as management, rent, telephones, designers, and the like are not to be deducted, since they are, by hypothesis, there whether the particular item is sold or not. Only if a particular "overhead" item can be specifically related to the goods in question can it be deducted. This is true even if overhead increases losses or decreases gains for the enterprise as a whole." JBJ Fabrics, Inc. v. Mark Industries, Inc., 1987 U.S. Dist. LEXIS 13445, *15; 5 U.S.P.Q.2D (BNA) 1414; Copy. L. Rep. (CCH) P26, 233; See Judge Posner's discussion in Taylor v. Meirick, 712 F.2d

1112 (7th Cir. 1983); 3 Nimmer on Copyright § 14.02 (1987); and Farnsworth, Contracts § 12.10 (1982). "The Ninth Circuit is in accord with this view." JBJ Fabrics, *supra*, citing Kamar International, Inc. v. Russ Berrie & Co., Inc., 752 F.2d 1326, 1333 (9th Cir. 1984). LAP will seek to recover the totality of Defendant's revenues from sales of the infringing product, and interest thereupon.

        3.      <u>Statutory Damages</u>:

As the owner of valid copyrights in the Subject Designs, Plaintiff may, in the alternative, seek statutory damages. 17 U.S.C. § 504(c)(1). Upon a showing of infringement, such damages are proper even without evidence of actual damages or defendants' profits. Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1337 (9th Cir.1990). In this case, Plaintiff may elect to seek statutory damages at time of trial.

    D.    <u>Plaintiff Is Entitled to Costs and Attorneys' Fees.</u>

Plaintiff is also entitled to recover its fees and costs. Section 505 of the Copyright Act specifically authorizes an award of attorneys' fees to the prevailing party as part of the costs. 17 U.S.C. § 505. A number of factors are considered in assessing fees and costs, including: "(1) the degree of success of obtained, (2) frivolousness, (3) motivation, (4) the objective unreasonableness of the losing party's factual and legal arguments, and (5) the need, in particular circumstances, to advance considerations of compensation deterrence." Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1229 (9th Cir. 1997), cert. denied 523 U.S. 1021 (1998).

All of these factors militate in favor of an award of costs and attorneys' fees to Plaintiff. Plaintiff's motivation was positive in that it sought to protect its proprietary designs, while Defendants motivation was poor, in that it knowingly knocked-off the Subject Design, and then continued to sell product bearing same after receiving notice of the infringement. Finally, a finding of willfulness is not

8

required to justify an award of attorney's fees. See Fantasy, Inc. v. Fogerty, 94 F.3d 553, 560 (9th Cir. 1997) (upholding award of $1.3 million in attorneys' fees to prevailing party).  Given that, at the very least, Defendants were reckless in their infringement, and have failed to take accountability for their infringement, or to cease and desist in same when called upon to do so, costs and attorneys' fees should be awarded.

      E.      Evidentiary Issues

Plaintiff does not contemplate any evidentiary issues.

      F.      Bifurcation

Plaintiff does not request bifurcation.

      G.      Jury Trial

Plaintiff has requested a jury trial.

      H.      Attorneys' Fees

As noted above, Plaintiff will seek reimbursement of the costs and fees it has incurred prosecuting this meritorious action for copyright infringement.

      I.      Abandonment of Issues

Plaintiff will not pursue its claim of contributory infringement as to MACYS, but will not abandon any other claims.

Respectfully submitted,

Date: November 12, 2008          By: /S/ Scott A. Burroughs
                                          Scott A. Burroughs, Esq.
                                          DONIGER / BURROUGHS
                                          Attorneys for Plaintiff